IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY BREEZE MOOREFIELD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:23-cv-266 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| SCI-HOUTZDALE MEDICAL ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Ricky Breeze Moorefield, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") at SCI Houtzdale, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Mohammed Naji ("Dr. Naji") and the SCI Houtzdale Medical Department ("the Medical Department"). In his Complaint, he asserts a claim for violation of his rights under the Eighth Amendment based on the medical treatment he received/failed to receive.

Pending before the Court[1] is a Motion to Dismiss filed by the Medical Department. (ECF No. 25.) For the reason that follows, its motion will be granted.

I. **Procedural History**

Plaintiff's Complaint was received in October 2023. After he corrected certain procedural deficiencies, his Complaint was docketed on December 7, 2023 (ECF No. 17). After service was

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

made, Dr. Naji filed an Answer to the Complaint (ECF No. 40) and the Medical Department filed a motion to dismiss. The motion has been fully briefed (ECF Nos. 26, 30, 31) and is ripe for review.

## II. Relevant Factual Background

Plaintiff claims that on February 8, 2022, he was seen by "medical" because he had a "dime sized legion [sic] on his right leg as a result of an allergic reaction to blood thinners. He alleges that he was misdiagnosed with a bacterial infection, given an antibiotic and was to be seen again in two days. However, despite the fact that his condition continued to worsen, and he made multiple requests to "medical" to be seen, his requests were ignored. He claims that he was ultimately diagnosed with vasculitis and sustained permanent scarring of his lower leg, numbness of his right thigh and nerve pain.

Plaintiff claims that Defendants' conduct violated his Eighth Amendment rights because their deliberate indifference to his medical needs constitutes cruel and unusual punishment.

## III. Legal Standard

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged.

The Supreme Court has stated that "the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted). However, factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**IV.   Discussion**

The Medical Department asserts that it is immune from this lawsuit under the Eleventh Amendment.

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Supreme Court has stated that the presupposition confirmed by the Eleventh Amendment is that "federal jurisdiction over suits against unconsenting states was not contemplated by the Constitution when establishing the judicial power of the United States." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (internal citation omitted).

The Court of Appeals for the Third Circuit has indicated that:

Eleventh Amendment immunity is, however, subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law.

*Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citation omitted).

None of these exceptions apply to the claims asserted by Plaintiff. Pennsylvania has not consented to waive its Eleventh Amendment immunity to being sued in federal court. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521(b); *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 227 (3d Cir. 2000). Further, as the Supreme Court has held, § 1983 does not abrogate states' sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 339-46 (1979). Finally, Plaintiff has not alleged any claims for injunctive relief against individual state officers.

By bringing suit against the Medical Department of SCI Houtzdale, Plaintiff is actually attempting to sue SCI Houtzdale, which is a correctional facility operated by the DOC. As an agency of the Commonwealth of Pennsylvania, the DOC enjoys immunity from § 1983 claim under the Eleventh Amendment to the United States Constitution. *Blake v. Entero*, 2023 WL 8191229, at *2 (W.D. Pa. May 3, 2023) (citing *Quern*, 440 U.S. at 340-41).

In response to the instant motion, Plaintiff asserts that he brought this action against Dr. Naji and "other employees of the 'Medical Department' who were anonymous in that they answered the phone and refused admittance to medical treatment at the instruction of Dr. Naji." (ECF No. 30 ¶ 5.) Plaintiff further asserts that he did not intend to bring suit against "any State entity," but rather against "those employed by who denied medical attention which were several as they were contacted on multiple shifts, multiple times." (*Id.* ¶ 7.)

4

Plaintiff is incorrect that he has brought this action against any "employees" of the Medical Department. As his Complaint clearly reflects, he has identified two defendants: the Medical Department (identified as Defendant 1), and Dr. Naji (identified as Defendant 2). (ECF No. 17 at 1, 3.)

Therefore, because Plaintiff may not assert a civil rights claim against the Medical Department, its Motion to Dismiss will be granted and it will be dismissed from this action with prejudice.

Plaintiff may, if he elects to do so, file an amended complaint. If Plaintiff intends to assert claims against individual defendants, he should only name defendants who had personal involvement in the alleged wrongdoing. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) If Plaintiff is unaware of a defendant's name, then he may list him or her as a John/Jane Doe until their identity can be ascertained through discovery. Plaintiff is advised that if he elects to file an amended complaint, it will replace the original complaint; thus, it must also include all claims he wishes to assert in this action.

Plaintiff may also elect to not to proceed with an amended complaint in which case the action will proceed with Dr. Naji as the sole defendant.

An appropriate Order follows.


Dated:  June 24, 2024                               /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    United States Magistrate Judge