**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICKY BREEZE MOOREFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:23-cv-266 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| DR. MOHAMMAD NAJI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION[1]**

In the operative Second Amended Complaint, Plaintiff Ricky Breeze Moorefield, a prisoner in the custody of the Pennsylvania Department of Corrections at SCI Houtzdale, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Mohammed Naji ("Dr. Naji")[2] and RN Kirk Rollan ("Rollan"). Plaintiff alleges that his civil rights under the Eighth Amendment were violated with respect to the medical treatment he received or failed to receive at SCI Houtzdale. (ECF No. 68.)

Presently pending is Rollan's Motion to Dismiss which is supported by a brief. (ECF Nos. 72, 73.) Plaintiff has filed a Response and a brief that supports his response. (ECF Nos. 76, 77). Thus, Rollan's motion is ready for resolution.

## I.    Facts

The Second Amended Complaint alleges that during the evening on Tuesday, February 8, 2022, Plaintiff went to "emergency medical" at SCI Houtzdale with blisters on his lower right leg.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Dr. Naji has filed an Answer to the Second Amended Complaint. (ECF No. 75.)

(ECF No. 68 at 2.) An RN, Courtny Lowery, examined him and told him, among other things, to return if the area broke open or increased in size. (*Id.*)

The next day, on Wednesday, February 9, the area was larger, darker, and more aggravated. (*Id.*) Plaintiff returned to the medical department and was examined by two physician assistants, Kasey James and Deanna Della Torre. (*Id.*) They immediately called Dr. Naji. (*Id.*) Plaintiff was diagnosed with a bacterial infection and prescribed Bactrim. (*Id.*)

As the day progressed, the affected area increased in size. (*Id.* at 3.) Corrections officer Larue called the prison's medical department and spoke to Rollan. (*Id.*) Rollan informed Larue that Plaintiff had been seen several times and was scheduled to be seen again on Friday. (*Id.*) Larue told Rollan that the ailment had noticeably worsened since Plaintiff was last seen. (*Id.*) Rollan told Larue he would contact Dr. Naji. (*Id.*) Rollan subsequently called Larue and told him that when Rollan inquired of Dr. Naji about possible further treatment that night, Dr. Naji instructed Rollan to leave Plaintiff on the block and that he would be seen on Friday as scheduled. (*Id.*)

Later that day, corrections officer Hite contacted medical and was told "Dr. Naji said the inmate is not to be administered anything or sent to medical, he is to allow Bactrim to begin being [e]ffective 48 hours from now." (*Id.*)

On Thursday, February 10, 2022, when additional corrections officers called the medical department to report Plaintiff's worsening condition, they were repeatedly rebuffed, citing "doctor's orders." (*Id.* at 4.) Plaintiff was again denied treatment on February 11, 2022. (*Id.*)

On February 12, 2022, Plaintiff was taken to UPMC Altoona, an outside hospital, where he remained until February 15, 2022. (*Id.* at 4, 6.) Plaintiff claims that as a result of his condition, he has permanent scarring, neve damage, and numbness in his right thigh and foot. (*Id.* at 6.)

2

## II.    Legal Standard

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11. Further, in considering a motion to dismiss, the court generally considers only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citations omitted).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014).

3

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Additionally, the filings of a pro se party must be liberally construed and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Moreover, the court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). That said, "pro se litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

## III.    Analysis

Plaintiff claims that in violation of his rights under the Eighth Amendment, Rollan was deliberately indifferent to his serious medical needs. To support this claim, Plaintiff must allege facts that would demonstrate: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citation omitted).

Rollan concedes that for purposes of this motion, Plaintiff has sufficiently pled a serious medical need. He argues, however, that Plaintiff has failed to allege sufficient facts to support a finding that Rollan acted with deliberate indifference to Plaintiff's medical needs because Rollan acted in accordance with the treating doctor's instructions as he was obligated to do. In response, Plaintiff contends that because there was no physician on duty, Rollan had the authority to assess his worsening situation that arose after Dr. Naji issued the treatment plan.

Plaintiff asserts that Rollan was deliberately indifferent to his medical needs. Deliberate indifference in the medical context has been explained as follows:

> It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference." As the *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] Court noted: "In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id.* at 105; *see also Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) ("The law is clear that simple medical malpractice is insufficient to present a constitutional violation."); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) (emphasis omitted) ("Certainly no claim is stated when a doctor disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness."). "Deliberate indifference," therefore, requires "obduracy and wantonness," *Whitley v. Albers*, 475 U.S. 312, 319 (1986), which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (stating that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm").

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (parallel citations omitted); *see, e.g.*, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation."). Thus, "the mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017).

Thus, in order to plausibly plead deliberate indifference, a plaintiff must provide sufficient facts to show that the defendant knew of an excessive risk to the plaintiff's health or safety and disregarded that risk. *Natale*, 318 F.3d at 582. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that leads to suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

Plaintiff's allegations fail to support a claim against Rollan under the Eighth Amendment. First, there are no facts pleaded in the Second Amended Complaint that support a claim that Rollan knew of an excessive risk to Plaintiff's health. On February 9, Rollan, who had not seen or treated Plaintiff, was contacted by a corrections officer who advised that the infected area on Plaintiff's leg had increased in size. Rollan advised the officer that Plaintiff had been seen twice and was scheduled to be seen again on February 11. Rollan also consulted with Dr. Naji about whether any additional treatment was warranted at that time. Dr. Naji told Rollan to leave Plaintiff on the cell block and he would be seen on February 11 as scheduled. Rollan then communicated this information to the corrections officer. These are the only actions attributed to Rollan.[3]

But even if Rollan had concluded that the infection presented a serious risk to Plaintiff's health, he did not ignore Plaintiff's complaints. Rather, he contacted Dr. Naji, the treating physician, advised him of Plaintiff's complaints, obtained instructions from Dr. Naji and communicated them to the corrections officer. This is not indicative of a willful or wanton

---

[3] The Second Amended Complaint references other subsequent communications to "medical" about Plaintiff's condition and continuing complaints, including to "whomever answered the phone." Rollan is not identified in the Second Amended Complaint as having any knowledge about or involvement in any of these communications.

disregard of Plaintiff's medical condition. Simply put, there is no factual basis in the Second Amended Complaint to conclude that Rollan should have questioned Dr. Naji's professional judgment or had reason to believe that Plaintiff was being mistreated. *See Pearson,* 850 F.3d at 540 n.4 (holding that a nurse who knows that prisoner is under a physician's care is justified in believing prisoner is in capable hands where there is no discernable basis to question the physician's medical judgment).

Thus, Plaintiff has failed to state an Eighth Amendment claim against Rollan for deliberate indifference to a serious medical need.

## IV.    Conclusion

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the court should permit a curative amendment, unless an amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson*, 293 F.3d at 108. Here, amendment would be futile. As discussed, Rollan's conduct as alleged simply does not represent a willful and wanton disregard of Plaintiff's medical needs.

Therefore, Plaintiff's claim against Rollan will be dismissed with prejudice.

An appropriate Order follows.

April 15, 2026                                   /s/ Patricia L. Dodge
                                                 PATRICIA L. DODGE
                                                 United States Magistrate Judge

7